AARON B. BLOOM (SBN 215037)
Email: abloom@troygould.com
JOHN C. ULIN (SBN 165524)
Email: julin@troygould.com
CHINELO N. IKEM (SBN 343780)
Email: cikem@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone:   (310) 553-4441
Facsimile:   (310) 201-4746

Attorneys for Defendant
Clements Design, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDD FOUNDATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLEMENTS DESIGN, INC. and KIM KARDASHIAN,<br><br>　　　　　Defendants. | Case No. 2:24-cv-02496-MEMF-AS<br><br>DEFENDANT CLEMENTS DESIGN'S OBJECTION AND REQUEST TO STRIKE "STATEMENT OF FACTS" IN PLAINTIFF'S OPPOSITION<br><br>Assigned for All Purposes To:<br>Hon. Maame Ewusi-Mensah Frimpong<br><br>Date:　October 10, 2024<br>Time:　10:00 a.m.<br>Ctrm:　8B |

Concurrently with their Reply, defendant Clements Design, Inc. ("Clements Design") submits this Objection and Request to Strike the "Statement of Facts" included in the Opposition filed by plaintiff Judd Foundation ("Judd Foundation") on May 20, 2024.

The Court should strike the "Statement of Facts" section because it makes new factual allegations not contained in the Complaint. New allegations made in an opposition may not be considered in deciding a motion to dismiss because "[w]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), review is limited to the complaint." *Shinde v. Nithyananda Found.*, 2014 WL 10988110, at *3 (C.D. Cal. Mar. 21, 2014) (internal quotations and brackets omitted), relying on *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).[1]

The following are new facts in the Opposition's "Statement of Facts" (ECF No. 37) that Judd Foundation had not originally alleged in the Complaint (ECF No. 1):

- "The Complaint alleges that, for over 39 years, Mr. Judd—and subsequently Judd Foundation through its wholly-owned subsidiary, Judd Furniture—**have exclusively fabricated and sold** the DONALD JUDD La Mansana Table and the DONALD JUDD Chair 84, which together form the DONALD JUDD Integrated Trade Dress (together, the 'DONALD JUDD Trade Dress')" (Opp. p. 2). The Complaint does not mention exclusivity with regard to selling. Instead, Judd Foundation alleged in the Complaint that it does, in fact, allow other retailers to sell the DONALD JUDD La Mansana Table and Chair 84 (Compl. ¶ 3).
- "…use of the DONALD JUDD word mark and Judd Foundation's copyrighted photograph to advertise this furniture confused consumers about the provenance and

---

[1] *See also Kobayashi v. McMullin*, 2022 WL 3137958, at *18 (C.D. Cal. May 31, 2022) ("A court may not ... look beyond the complaint and consider new facts alleged in a plaintiff's opposition to a defendant's motion to dismiss."), relying on *Monzon v. S. Wine & Spirits of Cal.*, 834 F. Supp. 2d 934, 940–41 (N.D. Cal. 2011); *Brown v. Brennan*, 2017 WL 11713951, at footnote 2 (N.D. Cal. May 11, 2017) ("Plaintiff cannot introduce new facts in her opposition, accompanying declaration, or attached exhibit."); *Payne v. Prison Wasco State*, at *3 (E.D. Cal. July 23, 2015) (holding "new allegations raised in the opposition 'are irrelevant for Rule 12(b)(6) purposes.'"); *Pinkney v. Am. Med. Response, Inc.*, 2009 WL 2424574, at *2 (D. Nev. Aug. 5, 2009) ("When a plaintiff alleges new facts in her opposition to a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), the Court generally must either (1) exclude and ignore the new allegations and consider the motion to dismiss as though the new facts had not been alleged, or (2) treat the defendant's motion as a motion for summary judgment under Rule 56.").

TroyGould PC

1

CLEMENTS DESIGN'S OBJECTION AND REQUEST TO STRIKE "STATEMENT OF FACTS" IN PLAINTIFF'S OPPOSITION
03987-0004  4893-5866-6693.2

source of the furniture: **Ms. Kardashian, the consumer to whom it was sold, claimed she was confused**, and subsequently many other consumers were confused as well" (Opp. p. 5) (emphasis added). Judd Foundation never alleged in the Complaint that Ms. Kardashian was confused. The statement, which never uses any iteration of the word "confused," that Judd Foundation relies on came from a publicist, not Ms. Kardashian herself (Compl. ¶ 84). Moreover, this new allegation is contradictory to Judd Foundation's allegation that Ms. Kardashian acted intentionally: "Ms. Kardashian's *intentional* statement gave the false impression that, by providing this furniture, Judd Foundation lent the DONALD JUDD trademark and Mr. Judd's world-renowned artistic reputation to Ms. Kardashian and the SKKN BY KIM brand" (emphasis added). (Compl. ¶ 67).

Through subtle rewordings, Judd Foundation attempts to use the "Statement of Facts" section to reframe or replead the facts it alleged in its Complaint. As discussed above, that is improper in the opposition to a motion under Rule 12(b)(6), which should be resolved with reference to the actual allegations of the Complaint. Accordingly, Clements Designs respectfully requests that the Court strike the "Statement of Facts" of Judd Foundation's Opposition, or at the very least, the new factual allegations outlined above, and decline to consider them in its analysis of the Motion.

Dated: June 4, 2024

TROYGOULD PC

By: /s/ John C. Ulin
    Aaron B. Bloom
    John C. Ulin
    Chinelo N. Ikem
Attorneys for Defendant Clements Design, Inc.

**TroyGould PC**

2
CLEMENTS DESIGN'S OBJECTION AND REQUEST TO STRIKE "STATEMENT OF FACTS" IN PLAINTIFF'S OPPOSITION
03987-0004 4893-5866-6693.2